# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN EDWARD SCALES, | ) |
| | ) Civil Action No. 18-1 |
| Petitioner, | ) Chief Magistrate Judge Maureen P. Kelly |
| | ) |
| v. | ) |
| | ) |
| THE ATTORNEY GENERAL OF THE | ) |
| STATE OF PENNSYLVANIA, DISTRICT | ) |
| ATTORNEY OF ALLEGHENY COUNTY, | ) Re: ECF No. 14 |
| and CHRIS ZYCH, *Warden of USP Lee*, | ) |
| | ) |
| Respondents. | |

## MEMORANDUM OPINION

Steven Edward Scales ("Petitioner") is currently housed in the United States Penitentiary at Lee in Virginia. Petitioner has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the Petition").[1] By means of the Petition, Petitioner seeks to challenge his Pennsylvania state convictions for, among other crimes, murder of the third degree and possession of a firearm. Because the Petition violates the applicable one-year statute of limitations, and because Petitioner fails to show entitlement to equitable tolling, Respondents' Motion to Dismiss, ECF No. 14, will be granted.

## I. PROCEDURAL HISTORY

Petitioner was convicted in the Court of Common Pleas of Allegheny County on January 13, 2011, following a jury trial. ECF No. 14 ¶ 1. On March 28, 2011, he was sentenced to 424

---

[1] Petitioner was convicted in this Court of federal crimes. United States v. Scales, No. 2:03-cr-257-JFC-2 (W.D. Pa.). His federal conviction was obtained by a guilty plea on July 17, 2005. Id. (ECF No. 310). The Pennsylvania state convictions being attacked by the instant Petition were not obtained until January 11, 2011. It appears that Petitioner is serving his federal sentence before commencing his Pennsylvania state sentence.

to 848 months.  Id. ¶ 2. The Pennsylvania Superior Court affirmed the judgment of sentence on February 11, 2013.  Id. ¶ 3.  The Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal on October 30, 2013.  Id. ¶ 3.

Petitioner waited until January 5, 2015 to file his Post Conviction Relief Act ("PCRA") Petition.  Id. ¶ 4.  After counsel was appointed and an amended PCRA petition was filed, the PCRA trial court conducted a hearing concerning Petitioner's claim regarding his trial counsel's alleged ineffectiveness for failing to call an alibi witness, Qwenda Reed.  At the time of the criminal events, Qwenda Reed was the girlfriend of Petitioner and pregnant with Petitioner's son.  ECF No. 1-1.  She asserted that Petitioner was with her at the time that the crimes occurred for which Petitioner was found guilty.  Id.   The PCRA trial court found Ms. Reed's testimony and the testimony of the Petitioner at the PCRA hearing regarding the alibi to be incredible.  ECF No. 14 ¶ 18, n.1.  The PCRA trial court denied relief on February 24, 2016.  Id. ¶ 4.  Petitioner appealed and the Pennsylvania Superior Court affirmed the denial of relief on May 3, 2017.  Petitioner then filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which denied it on November 7, 2017.  Id. ¶ 5.

Petitioner did not file the Petition in this Court until at the earliest, December 26, 2017, pursuant to the prisoner mail box rule.  ECF No. 1 at 15. (Petitioner ostensibly signed the Petition on that date.)  As noted by the Respondents, even though the Petition lists four Grounds for Relief, they all boil down to a claim that his trial counsel was ineffective for failing to call Ms. Reed as an alibi witness at trial.  ECF No. 14 ¶ 6.  After being granted two extensions of time to file an Answer, Respondents filed a Motion to Dismiss, ECF No. 14, explaining that the Petition was time barred.  The Court ordered Petitioner to file a response to the Motion to Dismiss.  ECF No. 15.  After being granted an extension of time to do so, Petitioner filed his

Traverse or Response to the Motion to Dismiss ("Traverse"), wherein he argues entitlement to equitable tolling. ECF No. 18.

All parties have consented to the plenary exercise of jurisdiction by the United States Magistrate Judge. ECF Nos. 10, 11.

## II. DISCUSSION

### A. The AEDPA Statute of Limitations

In the Motion to Dismiss, Respondents point out that the Petition was not filed within one year of Petitioner's conviction becoming final. In the Traverse, Petitioner does not assert that his Petition is facially timely or that his Petition was filed within one year of his conviction becoming final but instead he urges that he is entitled to equitable tolling due to extraordinary circumstances. ECF No. 18 at 2 ("Petitioner is entitled to A [sic] form of equitable tolling because some extraordinary circumstances stood in his way and prevented timely filing."). For the following reasons, we find that the Petition was not filed within one year of Petitioner's conviction becoming final and that Petitioner fails to carry his burden to show extraordinary circumstances so as to justify equitable tolling.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments and enacted a statute of limitations for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas Petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA statute of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. The Petition was not filed within one year of the conviction becoming final.

Petitioner's conviction became final on January 28, 2014, which is 90 days after October 30, 2013, the date on which the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal in the direct appeal where Petitioner did not file a Petition for Writ of Certiorari with the United States Supreme Court. Long v. Wilson, 393 F.3d 390, 394 (3d Cir. 2004) (citing Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000) (judgment becomes final after time for seeking discretionary review expires when discretionary review is not sought)); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (if defendant does not file certiorari petition, judgment of conviction becomes final when time for seeking certiorari review expires)).

Petitioner then had 365[2] days from January 28, 2014 to file his habeas petition in federal court or January 28, 2015. Dwyer v. United States, No. CIV.A. 13-7218 JBS, 2014 WL 2587499, at *2 (D.N.J. June 9, 2014) ("For a one-year limitation period, the expiration date is the anniversary of the triggering event").   However, Petitioner filed his PCRA petition in state court on January 5, 2015, thereby utilizing 342 days of the 365-day limitations period, leaving only 23 days remaining in the one-year statute of limitations period. The filing of the PCRA petition tolled the statute of limitations.  Petitioner's PCRA petition ceased to be pending on November 7, 2017, when the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal.   ECF No. 14-2 at 29 (Order denying Petition for Allowance of Appeal); Stokes v. District Attorney, 247 F.3d 539, 543 (3d Cir. 2001) (time during which a prisoner may file a certiorari petition from the denial of his state post-conviction petition does not toll the AEDPA limitations period).

Pursuant to the prisoner mail box rule, we will deem the present case to have been filed, at the earliest, on the date that Petitioner ostensibly signed the Petition, i.e., December 26, 2017. Hence, from November 8, 2017  (the first full date that Petitioner's PCRA petition was no longer pending)[3] until December 26, 2017,  the date he filed the Petition, a total of 48 days elapsed. Given that Petitioner only had 23 days from November 8, 2017 or, until December 1, 2017, left

---

[2] For purposes of AEDPA's one-year statute of limitations, a "year" means 365 days.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

[3] See Freeman v. Pew, 59 F.2d 1037, 1037 (D.C. Cir. 1932) ("it has long been the settled doctrine that the law, disregarding fractions, takes the entire day as the unit of time."); In re Susquehanna Chemical Corp., 81 F. Supp. 1, 9 (W.D. Pa. 1948) (general rule is that fractions of a day are to be disregarded), aff'd, 174 F.2d 783 (3d Cir. 1949).

on his one-year statute of limitations, the present Petition violates AEDPA's statute of limitation because it is late by 25 days.

### 1. Petitioner fails to show entitlement to equitable tolling.

Petitioner contends that he is entitled not equitable tolling. We are not persuaded.

The doctrine of equitable tolling applies to the AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). The United States Court of Appeals for the Third Circuit described in Miller the limited nature of equitable tolling.

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two requirements: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his

control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Because equitable tolling is a doctrine of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Hence, in addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).[4]

---

[4] The United States Court of Appeals for the Third Circuit stated in Lacava that:

> It is a well-established principle that, in order for appellant to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in ... bringing [the] claims." *Miller*, 145 F.3d at 618-619 (*quoting New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well. *See, e.g., Jones v. Morton*, 195 F.3d at 160 (equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition").

Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005). In this regard, we note that Petitioner offers no excuse as to why he waited 342 days after his conviction became final to file his PCRA petition in state court.

### a. Petitioner's excuses for late filing.

Petitioner argues entitlement to equitable tolling in his Traverse. ECF No. 18. He argues that he encountered extraordinary circumstances. One of those apparently extraordinary circumstances is the "fact" that neither he nor his counsel knew how much time he had remaining to file a federal habeas petition. Id. at 2. Petitioner claims that he received a letter from his state court counsel on November 15, 2017, telling Petitioner to request appointment of counsel. Id. However, that November 15, 2017 letter from Petitioner's state counsel stated more fully that "I am not sure how much time has been tolled, so again, if you are going to file for federal relief, **do it immediately**. Again, I do not practice in the Federal Courts so you would want to request appointment of counsel for this purpose." ECF No. 18-1 (emphasis added).

Petitioner indicates that on November 16, 2017, he wrote to the Federal Public Defender Office, requesting counsel. The Federal Public Defender Office (Pittsburgh) replied to him with a letter dated January 29, 2018. ECF No. 18-2. However, Petitioner also apparently wrote another letter on December 4, 2017, to the Federal Public Defender Office, which was responded to on December 13, 2017. ECF No. 18-5. The December 13, 2017 letter from the Federal Public Defender Office specifically instructs Petitioner that "[w]hen you file your petition for writ of habeas corpus, you can also file a motion for appointment of counsel." Id.

Lastly, Petitioner claims that, apparently on December 4, 2017, he sent a Motion for Appointment of Counsel to Chief Judge Joy Flowers Conti, requesting the appointment of counsel to pursue a federal habeas petition. ECF No. 18-4. He claims that in response to this letter that he sent, he received on December 11, 2017, six blank copies of the Section 2254 Form Petition used in this District.

These are all of the allegedly extraordinary circumstances that Petitioner asserts he encountered. We are not persuaded that any of these individually or collectively amount to "extraordinary circumstances."

In considering Petitioner's arguments, we note that it is the heavy burden of the Petitioner in a habeas case to show entitlement to tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, at *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

**b. Petitioner fails to show "extraordinary circumstances."**

Here, Petitioner has not carried his burden to show entitlement to equitable tolling. While Petitioner strenuously argues entitlement to equitable tolling and implicitly suggests that he acted with reasonable diligence, he utterly fails to satisfy the second prong in order to prove entitlement to equitable tolling. Specifically, Petitioner fails to show any "extraordinary circumstances" that actually prevented him from timely filing the instant habeas Petition. This failure is fatal to Petitioner's argument for equitable tolling as the test for entitlement to equitable tolling is conjunctive and both prongs of reasonable diligence and extraordinary circumstances that prevented a timely filing of the habeas petition must be met. See Rios v. Attorney Gen. of U.S., 615 F. App'x 752, 755 (3d Cir. 2015) ("The diligence and extraordinary circumstances test is conjunctive").

Petitioner points to the November 15, 2017 letter from Petitioner's state counsel as extraordinary circumstances. However, Petitioner's ignorance of or confusion regarding the law or even his state court counsel's ignorance of the law do not constitute extraordinary circumstances. "In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the extraordinary circumstances required for equitable tolling.'" United States v. Bendolph, 409 F.3d 155, 170 (3d Cir. 2005) (*citing* Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)); see also Merritt v. Blaine, 326 F.3d 157, 170 (3d Cir. 2003) (no equitable tolling based on confusion regarding law); Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999) (petitioner's "misunderstanding ... is insufficient to excuse his failure to comply with the statute of limitations"); School District of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("ignorance of the law is not enough to invoke equitable tolling"); Figueroa v. McFarland, No. 04–CV–4724, 2005 WL 2044906, at *5 (D.N.J. Aug. 23, 2005) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse untimely filing"); Alexander v. Klem, No. 04–cv–2174, 2005 WL 834871, at *4 (E.D. Pa. April 8, 2005) (ignorance of law, even for pro se prisoner, is not generally "extraordinary circumstance"); Simpson v. Snyder, No. 00–cv–737, 2002 WL 1000094, at *3 (D. Del. May 14, 2002) (petitioner's lack of legal knowledge does not constitute extraordinary circumstances for equitable tolling).

To the extent that Petitioner suggests he was misled by his state court attorney's November 15, 2017 letter stating that Petitioner "would want to request appointment of counsel for this purpose", ECF No. 18-1, we note that the letter also informed Petitioner that "if you are going to file for federal relief, do it immediately." Id. The advice to file for federal relief immediately should have put Petitioner on notice that he had to act to file a habeas petition. Even

if however, Petitioner was misled by his state counsel's letter concerning seeking the appointment of counsel for federal habeas proceedings, i.e., that he should first seek counsel to file a federal habeas petition on his behalf, we do not find that the state counsel's November 15, 2017 letter to Petitioner constituted extraordinary circumstances. Bendolph, 409 F.3d at 170 ("In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the extraordinary circumstances required for equitable tolling.'"); China v. U.S., CIVA07-CV-2260, 2008 WL 2152056, at *3 (E.D. Pa. May 21, 2008) ("only where an attorney has intentionally misled a client about a statute of limitations will the Court consider attorney error as possible basis for equitable tolling of the relevant limitations period.").

To the extent that Petitioner points to all of the letters he wrote and/or the Motion for Appointment of Counsel that he sent to Chief Judge Conti, none of these constitute extraordinary circumstances that prevented Petitioner from filing a timely habeas petition. They may be evidentiary support for the fact that he acted with diligence but they do not constitute extraordinary circumstances that show he was prevented from timely filing. In fact, as explained more fully below, they constitute some evidence that he was not prevented from filing a timely Petition by the alleged lockdowns given that he was able to file and send letters/a motion during the periods of lockdowns.

Furthermore, the occurrences of a prison lockdown do not constitute an extraordinary circumstance. Douglas v. Beard, No. 00–4935, 2002 WL 550474, at *5 (E.D. Pa. Apr. 12, 2002); see also Garrick v. Vaughn, No. 00–4845, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003) ("Routine aspects of prison life such as lockdowns ... do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations.") (citation and internal

quotations omitted); Washington v. Byrd, No. 00–6389, 2002 WL 461729, at *7 (E.D. Pa. Mar. 22, 2002) (holding that lockdown and limited library access do not justify equitable tolling).

Accordingly, we find that Petitioner fails to establish the existence of extraordinary circumstances.

### c. Petitioner was not prevented from filing by any of the conditions.

Even if Petitioner could establish that his laundry list of conditions singularly or collectively constituted "extraordinary circumstances," he cannot establish that those conditions "prevented him from filing a timely habeas petition" within the contemplation of Lacava v. Kyler, 398 F.3d at 275-76 ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition. . ."). Indeed, the "petitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Brown v, Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this regard, we note that as of November 15, 2017, Petitioner received a letter from his state court counsel that instructed him to immediately file for federal relief if he intended to do so. ECF No. 18-1. We note that as of November 15, 2017, Petitioner still had 16 days, or until December 1, 2017, to timely file his Petition in this Court. Yet, he failed to do so. We note that despite the fact of the lockdowns, which he says started on November 23, 2017 and lasted two weeks and that he was on lockdown again as of December 16, 2017, ECF No. 1 ¶ 18, he was nevertheless able to get a December 4th Motion for Appointment of Counsel sent out to Chief

Judge Conti, ECF No. 18-4,[5] as well as a December 4th letter out to the Federal Public Defender Office. ECF No. 18-5, during the time of the lockdowns. So, it is readily apparent that the fact of the lockdowns did not prevent Petitioner from timely filing.

Lastly, we note that any occurrence that Petitioner relies on, which happened after December 1, 2017, the date his statute of limitations ran out, simply cannot be said, as a matter of logic, to have been the cause of him filing this Petition late.

## III. CONCLUSION

Accordingly, for all of the foregoing reasons, the Court finds that the Petition is time-barred by the applicable one-year statute of limitations. Petitioner has failed to show entitlement to equitable tolling.

**AND NOW**, this 10th day of August, 2018 it is hereby ORDERED that Respondents' Motion to Dismiss, ECF No. 14, is **GRANTED**. As jurists of reason would not find the foregoing debatable, a Certificate of Appealability is DENIED.

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5] Even if Petitioner's Motion for Appointment of Counsel sent to Chief Judge Conti, should have prompted the Clerk's Office to open a habeas case, such case would still have been untimely filed by at least three days if deemed to have been filed on December 4, 2017, the date it was signed. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) ("In *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999), we recently held that 'equitable tolling may be appropriate [in a Title VII action] when a claimant received inadequate notice of her right to file suit, **where a motion for appointment of counsel is pending**, or where the court has misled the plaintiff into believing that she had done everything required of her.'") (emphasis added).

cc:

    STEVEN EDWARD SCALES
    09750-031
    PO Box 305
    Jonesville, VA 24263

    All counsel of record via CM-ECF